UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:20 cr 381T24 CPT
18 U.S.C. § 922(g)(1)

ALVON HICKMON

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

On or about August 16, 2020, in the Middle District of Florida, the defendant,

ALVON HICKMON,

knowing he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Attempted murder in the second degree with a firearm, on or about November 27, 2017;

2. Aggravated battery causing great bodily harm, with firearm discharge, on or about November 27, 2017;

3. Discharge of a firearm from a vehicle, on or about November 27, 2017;

4. Felon in possession of a firearm, on or about November 27, 2017;

5. Aggravated battery with a deadly weapon (firearm discharge), on or about November 27, 2017;

    6. Felon in possession of a firearm, on or about November 27, 2017;
7. Aggravated battery on a pregnant female, on or about May 3, 2017;
8. Dealing in stolen property, on or about December 13, 2016;
9. Grand theft third degree, on or about July 15, 2013;
10. Felon in possession of a firearm, on or about July 15, 2013; and
11. Carrying a concealed weapon, on or about July 15, 2013,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Glock, 9-millimeter firearm loaded with 10 rounds of Hornady ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**FORFEITURE**

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, a Glock, 9-millimeter firearm and 10 rounds of Hornady ammunition.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_______________________
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _______________________
FOR: Natalie Hirt Adams
Assistant United States Attorney

By: _______________________
Christopher F. Murray
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

FORM OBD-34
December 20

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ALVON HICKMON

**INDICTMENT**

Violations: Title 18, United States Code, Section 922(g)(1)

A true bill,

______________________________
Foreperson

Filed in open court this 10th day of December, 2020.

______________________________
Clerk

Bail $______________________